IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ELIZABETH DURAN,

      Plaintiff,

vs.

SHARIFCO LLC, a Florida Limited
Liability Company, and SHARIF
ABU SNAINEH, an individual, jointly
and severally,

      Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, ELIZABETH DURAN, sues Defendants, SHARIFCO LLC, and SHARIF ABU SNAINEH, and shows:

### Introduction

1.     This is an action by ELIZABETH DURAN against her former employers for unpaid overtime, unpaid minimum wages and other unpaid wages pursuant to the Fair Labor Standards Act, the Florida Minimum Wage Act and Florida common law.  Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.     Counts I and II of this action arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. Count III of this action arises under the Florida Minimum Wage Act ("FMWA"), Florida Statutes §448.110. Count IV of this action arises under Florida common law for breach of contract. The Court has jurisdiction over Counts I and II pursuant to 29 U.S.C. § 216(b) and supplemental jurisdiction over Counts III and IV pursuant to 28 U.S. Code § 1367.

3.     The claims arose within the Middle District of Florida, which is where venue is proper.

**Parties and General Allegations**

4.      Plaintiff, ELIZABETH DURAN, (hereinafter "DURAN") a resident of Osceola County, was at all times material, employed by SHARIFCO LLC, as a receptionist for its engineered quartz business, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with SHARIFCO LLC, was engaged in commerce or in the production of goods for commerce because she sold, handled, used or otherwise worked on goods or materials that had been moved in or produced for interstate commerce, opened and closed Defendant's retail outlet, engaged in authorizations of credit card purchases, assisted in processing orders with various out of state businesses, and engaged in other activities of interstate commerce.

5.      Defendant, SHARIFCO LLC, doing business as 4 Power Quartz (hereinafter, "4 Power Quartz"), is a Florida Limited Liability Company with headquarters in Orlando, Florida, doing business throughout central Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6.      Defendant, SHARIF ABU SNAINEH ("hereinafter, "SNAINEH"), who resides in the Middle District of Florida, was, or now is, an owner and/or operator of Defendant 4 Power Quartz. SNAINEH determined DURAN's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of her employment. Thus, SNAINEH and 4 Power Quartz are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

7.      Plaintiff DURAN's work schedule was generally Monday through Saturday from 9:00AM to 5:00PM with some variations.

8.      Defendant paid DURAN an hourly wage, but failed to pay her overtime compensation in workweeks where she worked more than 40 hours.

9.      For the last three weeks of DURAN's employment, Defendant failed to pay her any wages whatsoever.

10.     The failure to pay minimum wages and overtime compensation to DURAN is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), because she was an hourly waged employee and was neither a bona fide executive, administrative nor professional employee.

### Count I – Violation of FLSA by all Defendants – Overtime

11.     Plaintiff, ELIZABETH DURAN, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 and 10 above.

12.     Since on or about September 22, 2021, up to and including December 10, 2021, Defendant 4 Power Quartz has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically DURAN, during her employment, worked in excess of 40 hours a week during several weeks of her employment as outlined above, but was not compensated for all overtime hours at one and one-half times her regular rate.

13.     DURAN is entitled pursuant to 29 U.S.C. § 216(b), to recover from 4 Power Quartz and SNAINEH:

        a.      All unpaid overtime that is due;

        b.      As liquidated damages, an amount equal to the unpaid overtime owed;

  c.  The costs of this action, and;

  d.  A reasonable attorney's fee.

WHEREFORE, Plaintiff, ELIZABETH DURAN, prays that this court will grant judgment against Defendants 4 Power Quartz and SNAINEH:

  a.  awarding DURAN payment of overtime compensation found by the court to be due to her under the Act;

  b.  awarding DURAN an additional equal amount as liquidated damages;

  c.  awarding DURAN her costs, including a reasonable attorney's fee; and

  d.  granting such other and further relief as is just.

## Count II – Violation of the FLSA by all Defendants – Minimum Wage

14.  Plaintiff, DURAN, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 7, 9 and 10 above.

15.  DURAN worked for 4 Power Quartz for approximately 95 hours during the last three weeks of her employment, but received no compensation whatsoever for the work performed.

16.  4 Power Quartz's failure to pay DURAN her final three paychecks violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

17.  DURAN is entitled pursuant to the FLSA to recover from Defendant 4 Power Quartz and SNAINEH:

  a.  The applicable minimum wage in effect at the times she worked without receiving compensation;

  b.  As liquidated damages, an amount equal to the unpaid minimum wage she is owed;

  c.  The costs of this action, and;

  d.  A reasonable attorney's fee.

4

WHEREFORE, Plaintiff prays that this Honorable Court:

        a.       Enter judgment for DURAN against 4 Power Quartz and SNAINEH on the basis of their willful violations of the FLSA;

        b.       Award DURAN actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

        c.       Award DURAN an equal amount in liquidated damages;

        d.       Award DURAN reasonable attorneys' fees and costs of suit; and

        e.       Other such relief as this Court deems just.

### Count III – Violation of the Florida Minimum Wage Act by All Defendants

18.     Plaintiff, DURAN, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 7, 9 and 10 above.

19.     DURAN worked for 4 Power Quartz for approximately 95 hours during the last three weeks of her employment, but received no compensation whatsoever for the work performed.

20.     At least 15 days prior to filing suit, DURAN sent several text messages to Defendant SNAINEH requesting payment for her unpaid wages. Despite DURAN's efforts to secure her pay, Defendants refused to pay her. Defendants' actions have left DURAN no other choice but to file this lawsuit.

21.     Defendants' failure to pay DURAN violates the Florida Minimum Wage Act, Florida Statutes 448.110 by not paying her at least a minimum wage.

22.     DURAN's text message to SNAINEH satisfies the pre-suit notice requirement of F.S. 448.110(6)(a).

23.     DURAN is entitled pursuant to the FMWA to recover from both Defendants:

        a.       The applicable minimum wage in effect in Florida for all hours worked without receiving compensation;

b.      As liquidated damages, an amount equal to the unpaid minimum wages she is owed;

c.      The costs of this action, and;

d.      A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a.      Enter judgment for DURAN and against both Defendants on the basis of their willful violations of the FMWA;

b.      Award DURAN actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

c.      Award DURAN an equal amount in liquidated damages;

d.      Award DURAN reasonable attorneys' fees and costs of suit; and

e.      Other such relief as this Court deems just.

## Count IV – Unpaid Agreed Upon Wages – Breach of Contract by Defendant 4 Power Quartz

24.      Plaintiff, DURAN, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 7, 9 and 10 above.

25.      Defendant offered to pay DURAN an hourly rate of $12 in exchange for DURAN performing the duties of receptionist for 4 Power Quartz.

26.      For the final three weeks of DURAN's employment, she worked 95 hours, but received no pay whatsoever.

27.      DURAN performed all tasks and job duties required by 4 Power Quartz.

28.      4 Power Quartz's failure to pay DURAN the agreed upon wages amounts to a breach of contract.

29.      As a result of 4 Power Quartz's breach, DURAN has incurred general damages and is entitled to recover the unpaid wages as well as prejudgment interest to partially compensate her for the loss of use of the funds that were due.

WHEREFORE, Plaintiff, ELIZABETH DURAN, requests judgment against Defendant 4 Power Quartz for her unpaid wages and other damages, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

## Jury Demand

Plaintiff demands trial by jury.


Dated: January 20, 2022
Plantation, Florida

Respectfully submitted,


*/s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*